## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| | : | |
| CRAIG L. JONES, | : | |
| | : | |
| Plaintiff. | : | |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| Judge JAMES E. HARDY, Prosecutor | : | NO. 7:15-CV-11 (HL) |
| ROBERT RAY AUMAN, and | : | |
| Attorney STEVEN B. KELLEY, | : | |
| | : | |
| Defendants. | : | |
| _____ : | | **O R D E R** |

*Pro se* Plaintiff **CRAIG L. JONES**, an inmate at Calhoun State Prison, has filed a 42 U.S.C. § 1983 complaint (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2). Based on Plaintiff's submissions, the Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full. The Clerk of Court is directed to send

1

a copy of this Order to the business manager at Plaintiff's place of incarceration.

## I.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.  BACKGROUND

Plaintiff's claims arise out of his November 7, 2012 conviction of aggravated stalking, simple battery, and criminal trespass, for which he is presently serving a 10-year sentence. Although Plaintiff pled guilty to these crimes, he makes wide-ranging

3

assertions as to why his guilty plea was not valid.   He summarily asserts claims for malicious prosecution, false arrest, and conspiracy, violations of the First, Fourth, Fifth, Sixth, Eighth, Eleventh, Thirteenth, and Fourteenth Amendments, and Defendants' liability under various Georgia statutes.   The essence of Plaintiff's claims is that his grand jury indictment was invalid because it was not read in open court.   Plaintiff also complains about the Defendants' failing to answer a motion to set aside Plaintiff's conviction and a mandamus action, both filed in the Thomas County Superior Court.

Plaintiff sues Thomas County Superior Court Judge James E. Hardy, prosecutor Robert Ray Auman, and Plaintiff's court-appointed defense attorney, Steven B. Kelley. Plaintiff seeks release from prison, expungement of his criminal record, and "reasonable" damages of $150 million dollars.[1]

## III.   DISCUSSION

The instant complaint must be dismissed for a number of reasons.   First, to the extent that Plaintiff challenges the legality of his conviction or sentence, his claims are not cognizable under section 1983 because he has not shown that his conviction or sentence has been invalidated.   *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that before a plaintiff may proceed with a section 1983 action to "recover damages for allegedly

---

[1]  Section 1983 is not the proper vehicle for seeking release from an allegedly unconstitutional conviction.   *Dyer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007) (stating that habeas corpus is the exclusive remedy for a state prisoner challenging the fact of his confinement or seeking release) (*citing Preiser v. Rodriguez*, 411 U.S. 475 (1973)).

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence had already been reversed on direct appeal or otherwise invalidated).

Second, Plaintiff cannot state a colorable malicious prosecution claim.   Said claim arises only when the prosecution terminates in the criminal defendant's favor.   ***Burgest v. McAfee***, 2008 WL 344485 (11th Cir. Feb. 8, 2008); ***Whiting v. Traylor***, 85 F.3d 581, 585-86 (11th Cir. 1996).

Third, Plaintiff's allegations that the Defendants have failed to respond to Plaintiff's recent state court filings fail to support a federal constitutional claim.   Similarly, Plaintiff's claims that Defendants violated several state statutes should be brought in state court, not in this section 1983 lawsuit.

Fourth, Plaintiff's remaining claims are barred by the statute of limitations.   In Georgia, the proper limitations period for a section 1983 claim is the two-year statute for personal injury claims codified at O.C.G.A. § 9-3-33.   ***Williams v. City of Atlanta***, 794 F.2d 624, 626 (11th Cir. 1986).   Plaintiff was convicted and sentenced on November 7, 2012, and his complaint is dated January 26, 2015.   Plaintiff does not allege circumstances justifying equitable tolling of the statute of limitations.   "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs."   ***See Wallace v. Cato***, 549 U.S. 384, 396 (2007).   Plaintiff knew that he was

injured and who inflicted his injuries within the limitations period.   ***See Moore v. Federal Bureau of Prisons***, 553 F. App'x 888, 890 (11th Cir. Jan. 23, 2014) (quotations omitted) (the doctrine of continuing violations is limited "to situations in which a reasonably prudent plaintiff would have been unable to determine that a violation had occurred.").

Fifth, Defendants Judge Hardy and prosecutor Auman are immune from liability in a section 1983 action.   ***See Mireles v. Waco***, 502 U.S. 9 (1991) (judicial immunity); ***Imbler v. Pachtman***, 424 U.S. 409, 430-31 (1976) (prosecutorial immunity).

Sixth, Defendant Kelley, Plaintiff's appointed counsel, is not a state actor and therefore cannot be held liable under section 1983.   ***See Tower v. Glover***, 467 U.S. 914, 920 (1984) ("appointed counsel in a state criminal prosecutor, though paid and ultimately supervised by the State, does not act 'under color of' state law in the normal course of conducting the defense").   An attorney may be sued under section 1983, however, if he conspired with someone who did act under color of state law.   ***Wahl v. McIver***, 773 F.2d at 1173.   In order to state a colorable conspiracy claim, a plaintiff must allege more than "mere conclusory statements."   ***Iqbal***, 556 U.S. at 678.   Plaintiff provides no specific allegations supporting the existence of a conspiracy.

Finally, an independent reason for dismissing Plaintiff's case is his failure truthfully to complete this Court's complaint form.   Questions six through eight of the form inquire about prior lawsuits Plaintiff filed while incarcerated.   Although Plaintiff has filed several

such lawsuits,2 he answered "No" to question six, "N/A" to question seven, and "No" to question eight.   Because Plaintiff provided false or incomplete information to this Court, his complaint is subject to dismissal for "abuse of the judicial process."   *See Schmidt v. Navarro*, 576 F. App'x 897, 899-900 (11th Cir. Aug. 12, 2014) (upholding district court's dismissal of prisoner complaint without prejudice for providing false information on complaint form concerning prior filing history); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his *pro se* section 1983 action).

## IV.   CONCLUSION

In light of the foregoing, the instant lawsuit is hereby **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.   Plaintiff's pending motion for appointment of counsel (Doc. 3) is **DENIED** as moot.

**SO ORDERED**, this 2nd day of February, 2015.


*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr

---

2  Two of Plaintiff's lawsuits were dismissed as "strikes."   *See Jones v. Seary*, 7:12-cv-121 (HL) (M.D. Ga. Nov. 20, 2012), and *Jones v. Lyles*, 7:12-cv-90 (HL) (M.D. Ga. Aug. 1, 2012).